UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RUGGERO SANTILLI, ET AL.,

    Plaintiffs,

v.                              Case No. 8:17-cv-1797-T-33MAP

PEPIJN VAN ERP, ET AL.,

    Defendants.
_____/

**ORDER**

This matter is before the Court on consideration of the Report and Recommendation of United States Magistrate Judge Mark A. Pizzo (Doc. # 71), filed on April 20, 2018, in which Judge Pizzo recommends that Plaintiffs' Motion for Preliminary Injunction (Doc. # 64) be denied. Plaintiffs filed an objection to the Report and Recommendation on May 4, 2018 (Doc. # 72), and Defendants filed a response to Plaintiffs' objection on May 9, 2018 (Doc. # 73).

After careful consideration and being fully advised in the premises, the Court adopts the Report and Recommendation of the Magistrate Judge and overrules the filed objection.

**Discussion**

A district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). In the absence

of specific objections, there is no requirement that a district judge review factual findings de novo, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions de novo, even in the absence of an objection. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994).

Upon due consideration of the entire record, including the Report and Recommendation and Plaintiffs' objection thereto, the Court overrules the objection and adopts the Report and Recommendation. The Court agrees with the Magistrate Judge's finding that Plaintiffs failed to meet their burden for the imposition of a preliminary injunction. Notably, in defamation cases, there is a strong presumption against injunctive relief. See Baker v. Joseph, 938 F. Supp. 2d 1265, 1270 (S.D. Fla. 2013). This is because a preliminary injunction against allegedly defamatory speech constitutes a prior restraint. The United States Supreme Court has explained that "prior restraints on speech and

publication are the most serious and least tolerable infringement on First Amendment rights." <u>Nebraska Press Ass'n v. Stuart</u>, 427 U.S. 539, 558-59 (1976). <u>See also Bollea v. Gawker Media, LLC</u>, 8:12-cv-2348-T-27, 2012 WL 5509624, at *1 (M.D. Fla. Nov. 14, 2012)(denying preliminary injunction and holding: "In all but the most exceptional circumstances, an injunction restricting speech pending final resolution of constitutional concerns is impermissible."). The Report and Recommendation thoughtfully addresses the issues presented, and Plaintiffs' arguments raised in the objection do not provide a basis for rejecting the Report and Recommendation.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) The Report and Recommendation of the Honorable Mark A. Pizzo (Doc. # 71) is **ACCEPTED** and **ADOPTED**.

(2) Plaintiffs' Motion for Preliminary Injunction (Doc. # 64) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>10th</u> day of May, 2018.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE