UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RUGGERO SANTILLI, ET AL.,

    Plaintiffs,

v.                              Case No. 8:17-cv-01797-VMC-33SPF

PEPIJN VAN ERP, ET AL.,

    Defendants.
_____/

## ORDER

Before this Court is Defendant Frank Israel's Motion to Dismiss or for Summary Judgment and Supporting Memorandum of Law (Doc. # 78), filed on May 18, 2018. Plaintiffs Carla and Ruggero Santilli responded in opposition on June 28, 2018. (Doc. # 87). Israel filed a Reply Memorandum on July 6, 2018. (Doc. # 90). For the reasons below, the Motion is granted, and Plaintiffs' claims against Israel are dismissed without prejudice for lack of personal jurisdiction.

## I.   Background

Plaintiff Ruggero Santilli, a resident of Pinellas County, Florida, initiated this action on August 5, 2016, in the Circuit Court for the Sixth Judicial Circuit in and for Pinellas County, Florida. (Doc. # 1-2). Defendants Pepijn van Erp, Israel, and Hosting2Go—all residents of the Netherlands—timely removed the

case to this Court on July 27, 2017, based on diversity jurisdiction. (Doc. # 1). Plaintiff Carla Santilli, also a resident of Pinellas County, Florida, was added as a party on September 28, 2017, in the Second Amended Complaint. (Doc. # 30).

Plaintiffs' claims are for defamation and tortious interference with a business relationship. (Id.). Specifically, the Second Amended Complaint alleges that van Erp posted three defamatory articles on his website discussing Ruggero. (Id. at 4-5). Among other things, the articles accuse Ruggero of being a "fringe scientist" and "a cunning scam artist." (Id. at ¶ 19). Ruggero contends these articles negatively impacted him in his profession as a scientist and inventor. (Id. at ¶ 21).

Additionally, Plaintiffs allege that Israel directed and assisted the publication of the defamatory articles because both van Erp and Israel are board members of Skepsis, a Dutch nonprofit organization that focuses on scientific skepticism. (Id. at ¶ 18; Doc. # 87 at 5-6; Doc. # 87-1, Ex. 6 at 1). In particular, Plaintiffs allege Israel was responsible for the content on Kloptdawel, a website controlled by Skepsis, which contained "very similar language" to the defamatory content found on van Erp's website. (Doc. # 87 at ¶ 7).

Israel is a resident of the Netherlands and he does not own property or conduct any business in Florida. (Doc. # 78-1 at 3). He last visited Florida about thirty years ago and has only been in Florida three times to switch airline flights. (Id.). Additionally, Israel avers he had nothing to do with the allegedly defamatory articles on van Erp's website. (Doc. # 78 at 3-4). Indeed, Israel asserts he first learned of Ruggero and van Erp's articles when Plaintiffs' counsel emailed him to advise van Erp to remove the articles. (Doc. # 78-1 at 2). So Israel contends this Court lacks personal jurisdiction over him because he has absolutely no connection to Florida. (Doc. # 78 at 6-16). He moved to dismiss the Second Amended Complaint for lack of personal jurisdiction on May 18, 2018, (Doc. # 78), and Plaintiffs filed their response on June 28, 2018. (Doc. # 87). Israel subsequently filed a Reply Memorandum on July 6, 2018. (Doc. # 90). The Motion is ripe for review.

## II.  Legal Standard

Although Israel has styled his Motion as "Motion to Dismiss or for Summary Judgment," this Court will consider Israel's Motion a motion for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). See Heyward v. Pub. Hous. Admin., 238 F.2d 689, 694 (5th Cir. 1956) ("Motions suggesting . . . lack of jurisdiction present clearly matters in abatement

3

only which must be raised not by a motion for summary judgment, but by motions under Rule 12(b) . . . .").

A motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure is governed by a two-part analysis. First, the court determines whether the plaintiff has alleged facts sufficient to subject the defendant to the forum state's long-arm statute. Future Tech. Today, Inc. v. OSF Healthcare Sys., 218 F.3d 1247, 1249 (11th Cir. 2000). Second, the court evaluates whether sufficient minimum contacts exist between the defendant and the forum state, such that jurisdiction does not offend "traditional notions of fair play and substantial justice." Id.

The personal jurisdiction analysis is also subject to a burden-shifting scheme. The plaintiff has the initial burden of establishing a prima facie case of personal jurisdiction. Meier ex rel. Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1268-69 (11th Cir. 2002). Conclusory allegations are insufficient, and the plaintiff must allege "sufficient *facts* to make out a prima facie case of jurisdiction." Estate of Scutieri v. Chambers, 386 F. App'x 951, 956 (11th Cir. 2010). After a prima facie case of jurisdiction is established, the burden shifts to the defendant to challenge those allegations. Meier, 288 F.3d at 1269. If the defendant submits affidavits challenging

jurisdiction, the burden shifts back to the plaintiff to substantiate the allegations in the complaint with evidence supporting jurisdiction. Id.

If the evidence conflicts, reasonable inferences are drawn in the plaintiff's favor. Id. But, conversely, all doubts about the applicability of Florida's long-arm statute and the court's jurisdiction are resolved in favor of the defendant and against jurisdiction. Gadea v. Star Cruises, Ltd., 949 So. 2d 1143, 1150 (Fla. 3d DCA 2007).

## III. **Analysis**

### A. **Florida's Long-Arm Statute**

To establish personal jurisdiction, Plaintiffs rely on section 48.193(1)(a) of Florida's long-arm statute. (Doc. # 30 at ¶¶ 6, 8). Among other things, Florida's long-arm statute states a nonresident defendant is subject to personal jurisdiction in Florida for "[c]ommitting a tortious act within this state." Fla. Stat. § 48.193(1)(a)(2). However, physical presence in Florida is not required to assert personal jurisdiction over a nonresident defendant. Wendt v. Horowitz, 822 So. 2d 1252, 1260 (Fla. 2002). Instead, the nonresident defendant must only commit a tortious act that causes injury within Florida. Louis Vuitton Malletier, S.A. v. Mosseri, 736 F.3d 1339, 1353 (11th Cir. 2013). Posting defamatory material

about a Florida resident on a website that is both accessible and accessed in Florida constitutes a tort within the meaning of the statute. Internet Sols. Corp. v. Marshall, 39 So. 3d 1201, 1206 (Fla. 2010).

The Second Amended Complaint alleges Israel is subject to personal jurisdiction under Florida's long-arm statute for his "tortious conduct" of assisting in the publication of the defamatory material on van Erp's website. (Doc. # 30 at ¶¶ 6, 8, 18). Plaintiffs contend the defamatory statements on van Erp's website caused financial and personal harm in Florida because third parties in Florida accessed the information and because Plaintiffs are Florida residents. (Id. at 5-8, 10-11, 13-14). These allegations are sufficient to meet Plaintiffs' initial pleading requirements to establish personal jurisdiction. See Wash. Capital Corp. v. Milandco, Ltd., Inc., 695 So. 2d 838, 841 (Fla. 4th DCA 1997) (explaining the plaintiff satisfies its initial pleading requirements by tracking the language of section 48.193 without pleading supporting facts or by alleging specific facts that demonstrate that the defendant's actions fit within one or more subsections of section 48.193).

Israel argues in his Motion that this Court does not have personal jurisdiction because he was not involved in posting the allegedly defamatory material on van Erp's website. (Doc. #

6

78 at 4, 6). In support, Israel submits his affidavit in which he denies helping create or post any articles concerning Plaintiffs, including the articles referenced in Plaintiffs' Second Amended Complaint. (Doc. # 78-1 at ¶¶ 3-5, 9-10, 12). Israel also states in his affidavit that he has never contributed to either van Erp's website or the Kloptdatwel website. (Id. ¶¶ 9-10). Finally, Israel avers he has no control over van Erp's website or the Kloptdatwel website, either individually or in his official capacity as a Skepsis board member. (Id. ¶¶ 9-11). Since the jurisdictional allegations in the Second Amended Complaint are solely those relating to Israel's involvement in the defamatory material on van Erp's website, Israel's assertions are sufficient to shift the burden back to Plaintiffs to produce evidence in support of jurisdiction. See Hilltopper Holding Corp. v. Estate of Cutchin ex rel. Engle, 955 So. 2d 598, 601 (Fla. 2d DCA 2007) (holding the defendants' affidavits merely denying the jurisdictional allegations in the plaintiff's complaint were sufficient to shift the burden); cf. Acquadro v. Bergeron, 851 So. 2d 665, 673 (Fla. 2003) (holding the defendant's affidavit that admitted making the statements at issue but denying that they were tortious did not contest the jurisdictional allegations, and therefore, was insufficient to shift the burden).

Plaintiffs respond to Israel's Motion by arguing this Court has personal jurisdiction because Israel oversaw the publications of Skepsis, which controls Kloptdatwel—a website that contained "very similar language" to the allegedly defamatory content found on van Erp's website. (Doc. # 87 at ¶ 7). Plaintiffs submit affidavits in which they state Israel is the president of Skepsis, and therefore, "oversees the content provided in [Kloptdatwel]." (Doc. # 87-1, Ex. A-1 at 2; Doc. # 87-1, Ex. C at 1). Plaintiffs also support their argument by pointing out that van Erp's Wikipedia page states van Erp, "along with others," form the editorial board of Kloptdatwel. (Doc. # 87-1, Ex. C at 1).

Taking all reasonable inferences in favor of Plaintiffs, this Court still finds Plaintiffs have not met their burden to establish personal jurisdiction over Israel in Florida. None of the proffered evidence by Plaintiffs contradict Israel's statements that he—neither personally nor through an agent—wrote for or contributed to van Erp's website. Plaintiffs establish nothing that clearly connects Israel to the defamatory articles on van Erp's website. Evidence that Israel is on the board of an organization that controls a website containing similar language to the website at issue, alone, is insufficient; such a tenuous connection cannot defeat Israel's unrebutted affidavit

stating he had nothing to do with the articles that allegedly caused Plaintiffs' injuries. Consequently, Plaintiffs have failed to meet their burden of establishing personal jurisdiction under Florida's long-arm statute. See United Techs. Corp. v. Mazer, 556 F.3d 1260, 1280 (11th Cir. 2009) (affirming that the district court lacked personal jurisdiction where the defendant sufficiently rebuffed facts asserted by the plaintiff, thereby negating the allegations tying the defendant to tortious conduct in Florida).

Additionally, Plaintiffs' reliance on Internet Solutions Corp. v. Marshall, 39 So. 3d 1201 (Fla. 2010), is misplaced. In Marshall, the nonresident defendant personally posted defamatory material about the Florida plaintiff on a website owned and operated by the defendant. Id. at 1202-03. Here, unlike the defendant in Marshall, Israel does not own van Erp's website and denied—without any refuting evidence presented by Plaintiffs—making any contributions to the articles referenced in Plaintiffs' Second Amended Complaint. See Two Worlds United v. Zylstra, 46 So. 3d 1175, 1178 (Fla. 2nd DCA 2010) (holding Marshall does not apply when the nonresident defendant neither owns the website nor posts the defamatory material).

In sum, Plaintiffs have not established that Israel has committed any tortious acts in Florida. Additionally, despite

9

Plaintiffs' assertion in their response that personal and general jurisdiction are appropriately pled, Plaintiffs fail to offer any evidence or arguments supporting general jurisdiction. Consequently, this Court will not consider whether Israel is subject to general personal jurisdiction in Florida. As a result, this Court finds no basis for the assertion of personal jurisdiction over Israel.

**B.   Due Process**

Even if Plaintiffs established a basis for this Court to exercise personal jurisdiction under Florida's long-arm statute, the exercise of personal jurisdiction over Israel would violate the Due Process Clause of the Fourteenth Amendment.

Personal jurisdiction under the Due Process Clause requires the defendant have certain minimum contacts with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty., 137 S. Ct. 1773, 1785 (2017) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). When dealing with personal jurisdiction for intentional torts, courts utilize the effects test, which requires proof that the defendant "(1) committed an intentional tort (2) that was directly aimed at the forum, (3) causing an injury within the forum that the

defendant should have reasonably anticipated." <u>Oldfield v. Pueblo De Bahia Lora, S.A.</u>, 558 F.3d 1210, 1221 n.28 (11th Cir. 2009).

Here, the effects test is not met. As explained above, there is no proof that Israel committed an intentional tort, let alone one that was directly aimed at Florida. Indeed, Israel could not have reasonably anticipated causing injury in Florida if he did not direct, create, or post any articles concerning Plaintiffs.

For the foregoing reasons, this Court determines it does not have personal jurisdiction over Israel. Plaintiffs' claims against Israel are dismissed for lack of personal jurisdiction.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

Defendant Frank Israel's Motion to Dismiss or for Summary Judgment and Supporting Memorandum of Law (Doc. # 78) is **GRANTED**. The Second Amended Complaint (Doc. # 30) as to Israel is **DISMISSED** without prejudice to Plaintiffs' ability to pursue this lawsuit in the appropriate forum.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>17th</u>

day of August, 2018.

_Virginia M. Hernandez Covington_
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE